FILED
6/14/2021 2:04 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-02307-E

| | | |
|---|---|---|
| AYLEEN MCMAHAN, individually and as administratrix of THE ESTATE OF ROBERT MCMAHAN; TIMOTHY MCMAHAN; AND CHRISTINA DOLLAR MARTINEZ, | § § § § § § § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § | AT LAW NO. _____ |
| PROGRESSIVE COMMUNICATIONS, LLC. | § § § § | |
| Defendant. | § § § § § | DALLAS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes AYLEEN MCMAHAN ("Ayleen" or "Plaintiff Ayleen"), individually and as administratrix of the ESTATE OF ROBERT MCMAHAN; TIMOTHY MCMAHAN ("Timothy" or "Plaintiff Timothy"); and CHRISTINA DOLLAR MARTINEZ ("Christina" or "Plaintiff Christina") (collectively, "Plaintiffs") and files this, their *Original Petition*, complaining of and about PROGRESSIVE COMMUNICATIONS, LLC., ("Defendant"), and for causes of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

PLAINTIFFS' ORIGINAL PETITION        EXHIBIT C         PAGE - 1

## II.
## PARTIES

2. Plaintiff AYLEEN MCMAHAN, is an individual resident of Denton County, Texas. Plaintiff McMahan brings this action in her individual capacity and on behalf of her late husband, Robert McMahan, deceased, ("Decedent") in her capacity as administrator of the Decedent's Estate. Robert McMahan was an individual resident of Denton County, Texas during his lifetime and was employed with Defendant Progressive Communications, LLC. at the time of his death and at all material times as described herein.

3. Plaintiff TIMOTHY MCMAHAN is an individual resident of Denton County, Texas, and is an adult child of Robert McMahan, deceased. He brings this suit in his individual capacity.

4. Plaintiff CHRISTINA DOLLAR MARTINEZ is an individual resident of the State of Florida, and is an adult child of Robert McMahan, deceased. She brings this suit in her individual capacity.

5. Upon information and belief, Defendant Progressive Communications, LLC. is a foreign limited liability company that does business in the state of Texas, and with its principal place of business, including the office of its registered agent, located at 8505 Freeport Parkway, STE 350 Irving, Dallas County, Texas, and regularly business in this State. Upon information and belief, Defendant may be served with process by delivery of the Citation to its registered agent, Lanny Grimes, at the aforementioned address.

## III.
## **JURISDICTION AND VENUE**

6. The subject matter in controversy is within the jurisdictional limit of this court.

7. This court has jurisdiction over the parties because Defendant's principle place of business is located in Dallas County, Texas. In addition, Defendant's registered agent, and registered office for service through the Texas Secretary of State is located in Dallas County, Texas. As Defendant does business in Texas and employed the negligent driver in Texas, it has sufficient minimum contacts with Texas to be subject to jurisdiction here under the Texas Long-arm Statute and the Texas and United States Constitutions.

8. Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.001 *et seq.* because (1) Defendants principal place of business is in Dallas County, Texas; (2) Defendant's registered office is in Dallas County, Texas; and (3) Defendant's registered agent is located at their registered office is in Dallas County, Texas. The amount in controversy is within the jurisdictional limits of this Court. This claim further satisfies the requirements set forth in the Texas Civil Practice & Remedies Code § 71.031(a) because: (1) Texas law provides for a claim under these facts; and (2) this action meets all timely requirements pursuant to Texas law.

## IV.
## **FACTS**

9. Ayleen McMahan is the widow of Robert McMahan, to whom she was married for twelve (12) years – as of July 1, 2008.

10. Until Mr. Robert McMahan's wrongful and untimely death as alleged herein, Mr. Robert McMahan and Mrs. Ayleen McMahan shared a home and a life together for sixteen (16) years.

11. Timothy McMahan is the adult son of Robert McMahan.

12. Christina Dollar Martinez is the adult daughter of Robert McMahan.

13. On or about October 21, 2020, Austin Andres ("Andres") – a now former employee of Progressive Communications – was in Oklahoma City, Oklahoma on a trip for work and/or business-related purposes, at the request of and on behalf of Defendant Progressive Communications. At all material times herein, Andres was then an employee of Defendant Progressive communications.

14. Upon information and belief, on or about October 21, 2020, Andres, and approximately two (2) other individuals went to a bowling alley and then to a bar, during their work trip in Oklahoma City, Oklahoma. Upon information and belief, Andres drank excessively to the point of severe impairment and/or intoxication. Upon information and belief, the alcohol was likely placed on a business account paid for and/or reimbursed by Progressive Communications. Upon information and belief, Decedent was not present at the bowling alley, and was picked up by Andres and the other individuals after they left the bowing alley. Thereafter, Andres, Decedent, and the two (2) other individuals went to Tapwerks, a bar in Oklahoma.

15. Upon information and belief, on or about October 21, 2020, Andres insisted on driving the passengers back to the Hotel, paid for and/or reimbursed by Progressive Communications, despite other passengers attempting to convince Andres otherwise. Upon information and belief, Decedent was not present for this conversation, and, instead, was still inside the Tapwerks building, likely using the restroom.

16. Upon information and belief, on or about October 21, 2020, Andres drove the wrong way down a one-way street and/or ramp causing the vehicle to collide with a concrete barrier, and flip the vehicle over. The impact caused Decedent's head to hit the dashboard and the concrete

barrier, and, ultimately, caused his death.

## V.
## CAUSE OF ACTION AGAINST DEFENDANT PROGRESSIVE COMMUNICATIONS

### Direct and Vicarious Liability

17. Plaintiffs repeat and reallege paragraphs 1 through 16 as if fully set forth herein.

18. Upon information and belief, by sending Andres on an out-of-town work assignment and providing Andres with an expense account by which the alcohol he consumed on October 21, 2020, Defendant Progressive Communications exhibited control over Andres while on the out-of-town work trip.

19. Upon information and belief, Andres was responsible for the death of Decedent by causing the vehicle they were in to strike a concrete barrier and subsequently roll over due to Andres's intoxication while operating a motor vehicle.

20. Defendant Progressive Communications is vicariously liable for the death of Decedent, and for the pain and suffering Decedent underwent before his death as a result of the impact. Defendant Progressive is responsible for Decedent's pain, suffering, injuries and/or death under the doctrines of corporate negligence, agency, agency by estoppel, violation of non-delegable duties, and/or *respondeat superior*.

21. Defendant is vicariously liable for the actions, inactions, and negligence of all personnel employed and/or under its direction and supervision, including Andres.

22. Defendant is vicariously liable for the drinking, drunk driving, and subsequently related accident that resulted in Decedent's death – all of which occurred while Andres and Decedent were on a business trip at the request of and on behalf of Defendant.

### Negligent Hiring and Supervision

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as if fully set forth herein.

24. Defendant owed a duty to exercise reasonable care in the hiring, use, and retention of employees. This duty extended to ensuring that only competent individuals were deployed to out-of-state business trips. Defendant had a duty to properly hire, monitor, and/or supervisor employees while on business trips, and to refrain from hiring and/or permitting employees to travel on business trips when said individuals were known or should have been known to Defendant to behave in negligent and wrongful manners.

25. Defendant Progressive breached this duty by hiring and/or requiring Andres to accompany Decedent on a business trip on behalf of Progressive, and permitting Andres to drink and drive by providing Andres with an unrestricted business expense account while acting within the scope of his employment, which ultimately caused Decedent's serious injuries and/or death.

26. Defendant Progressive further breached its duty and was negligent in hiring Andres and sending him on an out-of-state business trip with Decedent because Andres was incompetent to represent Defendant in a safe and professional manner, and because Progressive knew and/or should have known that Andres had a propensity for driving while impaired, including having been arrested for DWIs multiple times in the past. Defendant knew or should have known its employee, Andres, would be likely to behave in a careless and negligent manner during the course of an out-of-state business trip, especially one in which, under information and/or belief, Progressive paid for and/or planned to reimburse Andres for consumption of alcohol. In the alternative, it was negligent and/or grossly negligent for Progressive to permit Andres to attend an out-of-town work trip in which he was allowed to consume alcohol at all, given Andres' known propensity for drinking and driving.

27. As a direct and proximate result of Defendant's negligent hiring and supervision of its employee, Andres, Decedent was caused to suffer pain and suffering and death.

## Negligence and Gross Negligence

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendant owed a duty to exercise reasonable care in the hiring, use, and retention of employees. This duty extended to ensuring that only competent individuals were deployed to out-of-state business trips. Defendant had a duty to properly hire, monitor, and/or supervisor employees while on business trips, and to refrain from hiring and/or permitting employees to travel on business trips when said individuals were known or should have been known to Defendant to behave in negligent and wrongful manners.

30. Defendant Progressive breached this duty by hiring and/or requiring Andres to accompany Decedent on a business trip on behalf of Progressive, and permitting Andres to drink and drive by providing Andres with an unrestricted business expense account while acting within the scope of his employment, which ultimately caused Decedent's serious injuries and/or death.

31. Defendant Progressive breached its duty by sending Andres on an out-of-state business trip with Decedent because Andres was incompetent to represent Defendant in a safe and professional manner, and because Progressive knew and/or should have known that Andres had a propensity for driving while impaired, including having been arrested for DWIs multiple times in the past. Defendant knew or should have known its employee, Andres, would be likely to behave in a careless and negligent manner during the course of an out-of-state business trip, especially one in which, under information and/or belief, Progressive paid for and/or planned to reimburse Andres for consumption of alcohol.

32. As a direct and proximate result of Defendant's negligence and/or gross negligence in permitting Andres to attend an out-of-town work trip in which alcohol was readily available

despite Andres' known tendency to drink and drive, Decedent was caused to suffer pain and suffering and death.

## VI.
## DAMAGES

33. Plaintiffs repeat and reallege paragraphs 1 through 32 as if fully set forth herein.

34. As a result of Defendant's negligence and other harmful conduct set forth hereinabove, Decedent suffered death, injuries, pain and emotional distress, and mental anguish prior to his death. Plaintiffs suffered grief, sorrow, loss of companionship, loss of inheritance, as well as funeral and burial expenses thereafter. Plaintiffs have also sustained extraordinary emotional pain and mental anguish, and Plaintiffs have brought this suit against Defendant for the damages they have suffered as a result of Defendant's conduct.

35. Plaintiffs bring these causes of action for negligence and damages under the Texas Wrongful Death Act, as wrongful death beneficiaries, and under the Texas Survival Statute as Administratrix and heirs of Decedent's estate.

36. Pursuant to Section 74.053 of the Texas Civil Practices and Remedies Code, Plaintiffs do not specify an amount claimed as damages.

37. As required by Rule 47 of the Texas Rules of Civil Procedure, the damages sought herein are within the jurisdictional limits of the Court, and Plaintiffs seek monetary relief over $1,000,000 plus a judgment for all other relief to which Plaintiffs are entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by the trier of fact.

## VII.
## REQUEST FOR PRODUCTION

38. Pursuant to Texas Rule of Civil Procedure 196 and Texas Civil Practice & Remedies Code Section 74.351(s), Defendant is requested to produce all employment, hiring, training, and/or

other files related to Andres, Decedent, and/or all other employees sent on the herein described business trip.

39. Defendant is further requested to produce all accountings, receipts, payments, reimbursement, and/or other records indicating what expenses it paid for and/or was supposed to pay for during the herein described business trip.

40. Defendant is further requested to produce all communications, correspondence, internal emails, internal memos, and/or other related tangible items that discuss, mention, and/or otherwise describe the events that occurred on or about October 21, 2020.

## VIII.
## USE OF DISCOVERY

41. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs intend to use all documents produced by Defendants in discovery conducted in this matter at any pretrial proceeding and/or trial.

## IX.
## REQUEST FOR LEGAL HOLD

42. Defendants are requested to hold and to take steps necessary to preserve all evidence relevant to this case during the pendency of this litigation, including but not limited to all documents, records, reports, photographs, emails, letters, text messages, video, audio, and any other form of communication or other evidence related to Decedent, Andres, the business trip in question, and/or Decedent's injury and subsequent death.

## X.
## CONDITIONS PRECEDENT

43. All conditions precedent to the filing of this suit, if any, have been met and/or satisfied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant appear and answer herein, and that upon final hearing, they have judgment against Defendant for damages, together with pre- and post-judgment interest at the highest legal rates, costs of court, and all such other and further relief, general and special, legal equitable, to which they may show themselves justly entitled.

Respectfully submitted,

*\s\ D. Bradley Kizzia*
**D. BRADLEY KIZZIA**
State Bar No. 11547550
bkizzia@kjpllc.com
**ALLIE VAN STEAN**
State Bar No. 24104711
allie@kjpllc.com
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165

**ATTORNEYS FOR PLAINTIFFS**